IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 16–cv–02652–KMT

LUCY GALLEGOS,

     Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

     Defendant.

# ORDER

This matter comes before the court on review of the Commissioner's denial of Plaintiff Lucy Gallegos's application for Disability Insurance Benefits ("DIB") under the Social Security Act. (*See generally* Doc. No. 11, Social Security Administrative Record ["AR"].) Jurisdiction is proper under 42 U.S.C. § 405(g).

Plaintiff filed her opening brief on August 22, 2016 (Doc. No. 14 ["Opening Br."]), Defendant filed her response on September 8, 2018 (Doc. No. 15 ["Resp."]). No reply was filed.

**FACTUAL AND PROCEDURAL BACKGROUND**

In denying Plaintiff's claim, Commissioner found Plaintiff not disabled under the Social Security Administration's regulations ("SSA"). (AR 15-31, 35-51.) In determining disability, the ALJ used the five-step sequential evaluation process.[1] After reviewing the record, the ALJ

---

[1] Step one determines work activity, step two determines severity of claimed impairments, step three determines a presumptive disability, step four determines whether the claimant can

found that Plaintiff had severe impairments that included psoriatic arthritis, psoriasis, and cervical and lumbar degenerative disc disease. (AR 16.) However, the ALJ found that she did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. part 404, subpart P, appendix 1.

The ALJ assessed Plaintiff's residual functional capacity ("RFC"), and found her capable of performing perform light work, limited to only occasional postural activity, with the need to avoid heights and dangerous moving machinery. (AR 16.) The ALJ concluded that Plaintiff could perform her past work as a florist and other jobs existing in the national economy. (AR 18-19.)

Plaintiff sought timely review before this court.

## STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effect of the impairments in making a disability determination." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting

---

still perform her "past relevant work," and step five determines if the claimant can do work other than her past relevant work. *See Williams v. Bowen*, 844 F.2d 748 (10th Cir. 1988) (detailing five steps). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

as to preclude any substantial gainful activity for at least twelve consecutive months. *See Kelley v. Chater*, 62 F.3d 335, 338 (10th Cir. 1995).

Review of the Commissioner's disability decision is limited to determining whether the ALJ (1) applied the correct legal standard and (2) whether the decision is supported by substantial evidence. *Hamilton v. Sec'y of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance. *Hedstrom v. Sullivan*, 783 F. Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).

Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). The court, however, may not reweigh the evidence or substitute its discretion for that of the Commissioner. *Thompson*, 987 F.2d at 1487.

As the Tenth Circuit observed in *Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 480 (10th Cir. 1993), the ALJ also has a basic duty of inquiry to "fully and fairly develop the record as to material issues." *Id.* This duty exists even when the claimant is

represented by counsel. *Id.* at 480. Moreover, the court may not affirm an ALJ's decision based on a *post-hoc* rationale supplied in an appellate brief, since doing so would "usurp essential functions committed in the first instance to the administrative process." *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004). Although the Tenth Circuit has applied the doctrine of harmless error in administrative appeals, it is only appropriate where "no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Id.* at 1145.

## ANALYSIS

Plaintiff raises several issues for consideration—primarily challenging the ALJ's application of treating physician principles. Plaintiff also contends that the ALJ's RFC analysis is infected with error because of deficiencies in analyzing the treating physician's medical opinion. The court is persuaded by Plaintiff's arguments.

### A. The ALJ Erred in Application of Treating Physician Principles

Plaintiff challenges the ALJ's treating physician analysis—specifically, the analysis and the weight afforded to M. Lee Schmucker M.D.'s medical opinion. Plaintiff contends that the ALJ incorrectly afforded the opinion little weight under 20 C.F.R. § 416.927. Plaintiff also contends that the ALJ failed to assign proper weight to Dr. Schmucker's opinion under the multi-factor assessment in 20 C.F.R. 416.927(c)(2). It is to the treating physician analysis the court now turns.

An ALJ's duty is to evaluate all medical opinions in the record, assign weight to each opinion and discuss the weight given to the opinion. *See* 20 C.F.R. §§ 416.927(c), 416.927(e)(2)(ii); *Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012). Where the

ALJ decides "the treating physician's opinion is not entitled to controlling weight, the ALJ must then consider whether the opinion should be rejected altogether or assigned some lesser weight." *Id*. If the ALJ declines to afford controlling weight to a treating physician, the ALJ "must" consider the following specific factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Goatcher v. U.S. Dep't of Health & Human Servs.,* 52 F.3d 288, 290 (10th Cir. 1995) ("the ALJ must consider the following specific factors in [20 C.F.R. §§ 416.927(c)] to determine what weight to give any medical opinion"); *Lawton v. Barnhart*, 121 F. App'x 364, 372 (10th Cir. 2005) (same); *see also Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) (internal quotation marks omitted).[2]

"Under the regulations, the agency rulings, and our case law, an ALJ must give good reasons for the weight assigned to a treating physician's opinion." *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (ellipsis omitted) (internal quotation marks omitted); *see* 20 C.F.R. 416.927(c)(2). The reasons must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight." *Langley*, 373 F.3d at 1119 (internal quotation marks omitted). "If the ALJ

---

[2] Although the ALJ must consider the factors in 20 C.F.R. 416.927(c), the ALJ need not address every factor when the factor does not "apply" in the "case." *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). Where the factor does apply, however, failure to address same constitutes legal error and warrants reversal and remand. *Goatcher*, 52 F.3d at 290; *see also Keyes–Zachary*, 695 F.3d at 1161.

rejects the opinion completely, [s]he must then give specific, legitimate reasons for doing so." *Id.* (internal quotation marks omitted). And if an ALJ fails to explain how she assessed the weight of the treating physician's opinion, a court cannot presume she actually applied the correct legal standards when considering the opinion. *Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004).

Here, deficiencies exist in the ALJ's reasoning as to specificity and substance of the treating physician analysis. Plaintiff's challenge not only focuses on errors of law, but a lack of substantial evidence supporting the ALJ's reasoning. *Langley*, 373 F.3d at 1119; *Reyes v. Bowen*, 845 F.2d 242, 244 (10th Cir. 1988) ("specific rules of law that must be followed in weighing particular types of evidence in disability cases"). The deficiencies are four-fold.[3]

Plaintiff *first* takes issue with the ALJ's conclusion that Dr. Schmucker's opinion was "not supported by objective evidence." (AR 18.) The Court subscribes to Plaintiff's contention. Indeed, the ALJ's analysis of Plaintiff's severe impairments at step three of the evaluation process is illustrative. (AR 17.) There, the ALJ points to "diagnostic testing reveal[ing] degenerative spinal changes and disc change." *Id.* Such evidence bolsters Dr. Schmucker's

---

[3] In April 2014, Dr. Schmucker completed an assessment in which he opined that Plaintiff's combined impairments limited her to less than a full range of sedentary work, and rendered her unable to perform work activities on a sustained basis 8 hours a day, 5 days a week. (AR 399-402). Specifically, Dr. Schmucker opined that due to her medical conditions, Plaintiff had the following limitations: she could walk for 1 block, sit for 1 hour at a time, and stand for 30 minutes at a time, stand/walk less than 2 hours during an 8- hour day, shift positions at will, walk around for 5 minutes every 30-60 minutes, needed unscheduled breaks daily for 10-15 minutes where she could sit quietly, occasionally lift/carry 10 pounds and rarely 20 pounds, occasionally climb stairs, rarely twist, stoop, crouch and crawl, and never climb ladders. *Id.*

Dr. Schmucker further opined that Plaintiff had significant limitations on reaching, handling, or fingering due to arthritis, and could not use her upper extremities to grasp, perform fine manipulations or reach overhead in a work environment. *Id.*

opinion of April 24, 2014 (and the physical limitations denoted therein). (AR 399-402.) The ALJ's finding to the contrary, therefore, is not based on a reasonable reading of the evidence—being error that warrants reversal and remand.

*Second*, the ALJ's finding that Dr. Schmucker did not provide "any specific functional limitations that prevented the claimant from working" demands closer scrutiny. (AR 18.) On inspection of Dr. Schmucker's opinion, many limitations *are* noted—including combined impairments limiting Plaintiff to less than a full range of sedentary work, rendering her unable to perform work activities on a sustained basis 8 hours a day, 5 days a week. (AR 399-402). The limitations are specific and not inconsistent with the longitudinal record (severe rheumatoid, psoriatic arthritis, and plaque psoriasis), nor the medications (Humira) prescribed to Plaintiff. Given the incongruency between the evidence and the ALJ's conclusions, the Court must reject the latter—further warranting the need for remand.

*Third*, it appears that the ALJ's own negative assessment of plaintiff's credibility colored her conclusion that Dr. Schmucker's opinion was inconsistent with Plaintiff's activities of daily living. But this is not proper analysis: "a physician's reliance on a plaintiff's subjective reports is not in itself sufficient ground to discredit a [medical opinion]." *See Nieto v. Heckler*, 750 F.2d 59, 60–61 (10th Cir.1984); *Sanchez v. Astrue*, No. 08-CV-00560-REB, 2009 WL 4810696, at *4 (D. Colo. Dec. 10, 2009). By pointing to this purported inconsistency, the ALJ is relying on improper legal standards—and substituting her own judgment for that of the medical sources. *See McGoffin*, 288 F.3d at 1252. On remand, this analysis will require further attention.

*Finally*, it would be remiss for the Court not to address the ALJ's failure to address the weighing factors as articulated in 20 C.F.R. §§ 416.927(c). *See Goatcher*, 52 F.3d at 290 (10th

Cir. 1995) ("the ALJ must consider the following specific factors in [20 C.F.R. §§ 416.927(c)] to determine what weight to give any medical opinion"). Plaintiff has pointed to this failure in briefing; but, if on remand, the ALJ still fails to afford Dr. Schmucker controlling weight, the ALJ must address the factors set out in 20 C.F.R. §§ 416.927(c). More specifically, the ALJ must meaningfully address (1) the length of the treatment relationship and the frequency of examination between Plaintiff and Dr. Schmucker; (2) the nature and extent of the treatment relationship, (3) the degree to which the physician's opinion is supported by relevant evidence (for example, Dr. Timms – a rheumatologist). *Id.* And although the Court will leave analysis of these factors to the ALJ on remand, it would seem that these factors would do much in bolstering Dr. Schmucker's opinion above that which it is currently assigned.

### B. Remaining Issues

Plaintiff raises additional issues related to the sufficiency of the underlying proceedings. Because the Court finds that the ALJ's treating physician analysis is deficient in several respects, the Court finds that correction of these errors could well alter the ALJ's analysis of other evidence in the record on remand. This will be left to the ALJ to consider in accordance with this opinion. Additionally, if the ALJ affords heightened weight to Dr. Schmucker, this will likely alter the current RFC statement—a statement that Plaintiff squarely challenges in her current briefing.

Because of these shifting sands on remand, the Court declines to address the RFC issue at this time; though strongly recommends it be addressed in detail by the ALJ. *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006) (when the ALJ's error affected the analysis as a whole, court declined to address other issues).

## CONCLUSION

For the reasons set forth above, the Commissioner's decision is REVERSED and this case is REMANDED to the Commissioner for rehearing.

Accordingly, it is

**ORDERED** that the Commissioner's decision is **REVERSED** and this case is **REMANDED** to the Commissioner for rehearing in accordance with this Order. It is further

**ORDERED** that Plaintiff is awarded costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated this 12th day of March, 2018.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge